Case 4:23-cr-00183   Document 44   Filed on 04/17/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NOS. 4:23-CR-183, 4:25-CR-139 |
| | § | |
| DANIEL LEE HICKS | § | |
| | § | |

# REPORT AND RECOMMENDATION

Before the Court, by referral pursuant to 28 U.S.C. § 636(b), is the matter of the re-arraignment of Daniel Lee Hicks, Defendant in this action. Order, ECF No. 28.[1] The Court, having addressed Defendant personally in open court, now submits its Report and Recommendation.

On April 16, 2025, Defendant Daniel Lee Hicks appeared with counsel before the Court for the purpose of entering a guilty plea to: Counts 1 and 3 of the Indictment in 4:23-cr-183, charging him with, respectively, sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), and coercion and enticement, in violation of 18 U.S.C. § 2422(b); and Count 1 of the Indictment in 4:25-cr-139, charging him with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a). Sentencing Data Sheet, ECF No. 10. After conducting this proceeding in the form and manner prescribed by Rule 11 of the Federal Rules of Criminal

---

[1] Defendant Daniel Lee Hicks consented *in writing* to plead guilty before United States Magistrate Judge Dena Hanovice Palermo. ECF No. 40.

Procedure, this Court makes the following findings of fact:

1. Defendant Hicks, after consultation with counsel of record and with the approval of the Government, has knowingly and voluntarily consented to be advised of his rights and to enter a plea of guilty before Judge Palermo, subject to United States District Judge George C. Hanks, Jr.'s final approval and imposition of sentence.

2. Defendant Hicks is fully competent and capable of entering an informed plea.

3. Defendant Hicks is aware of the nature of the charges, the maximum punishment range, and the penalties that may be imposed at sentencing, including restitution and forfeiture.

4. Defendant Hicks understands his constitutional and statutory rights and wishes to waive those rights, including the right to plead not guilty, the right to trial, the right to appeal, and the right to collaterally attack the conviction.

5. Defendant Hicks understands that Judge Hanks, the sentencing judge, is not bound by any recommendation on sentencing counsel may make to him. In addition, if Judge Hanks does not follow a recommendation on sentencing, Hicks understands he may not withdraw his plea of guilty.

6. There is an independent basis in fact to support each of the essential elements of the offenses charged in Counts 1 and 3 of the Indictment in 4:23-cr-183 and Count 1 of the Indictment in 4:25-cr-139.

7. Defendant Hicks's plea of guilty is knowingly, voluntarily, and freely made, and he understands the consequences of his plea. This is an informed plea.

Therefore, it is the Court's **RECOMMENDATION** that Judge Hanks **ACCEPT** the guilty plea of Defendant Daniel Lee Hicks to Counts 1 and 3 of the

Indictment in 4:23-cr-183 and Count 1 of the Indictment in 4:25-cr-139, and that Daniel Lee Hicks be adjudged guilty of the offenses alleged in those Counts, to wit: sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) (in Count 1 of the Indictments in 4:23-cr-183 and 4:25-cr-139), and coercion and enticement, in violation of 18 U.S.C. § 2422(b) (in Count 3 of the Indictment in 4:23-cr-183).

**The parties have fourteen (14) days to file written objections pursuant to General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.**

Signed on April 16, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**